UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHAN WANG, | Case No. 21-cv-06573-VC |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO REMAND** |
| BMW OF NORTH AMERICA, LLC, | Re: Dkt. No. 15 |
| Defendant. | |

Wang seeks to remand this lemon-law action to the state superior court where it originated. Because the Court has diversity jurisdiction over the case, that motion is denied.

The amount in controversy is apparent from the face of the complaint and it does not appear to a legal certainty that Wang cannot actually recover at least $75,000.01. The complaint alleges that Wang "suffered damages in a sum to be proven at trial but not less than $25,000.00." The next paragraph alleges that he "is entitled to a civil penalty of two times [his] actual damages." Two times the complaint's $25,000 damages valuation is $50,000. Together then, the amount of damages and civil penalties in controversy totals exactly $75,000. But Wang also requests attorney's fees, which is included in this calculation even though the statute nominally refers to them as part of the "costs and expenses" successful plaintiffs may recover. Cal. Civil Code § 1794(d); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). The potential addition of even one penny of attorney's fees satisfies the amount in controversy requirement. *See Bernstein v. BMW of North America, LLC*, 2018 WL 2210683, at *2 (N.D. Cal. May 15, 2018).

The parties are also citizens of different states. The citizenship of the "Doe" defendants is

of no consequence. 28 U.S.C. § 1441(b)(1). BMW of North America is an LLC with one member, BMW (US) Holding Corporation. That entity is incorporated in Delaware and has its principal place of business in New Jersey. BMW has shown that Wang is a citizen of a different state, California, by a preponderance of the evidence. Although the complaint does not allege Wang's citizenship, his address on the August 2018 BMW purchase agreement and June 2020 BMW customer service report is in Foster City, California. His residence in 2018 and 2020 is unrebutted prima facie evidence that he was a citizen of California at the time of removal in 2021. *Anderson v. Watts*, 138 U.S. 694, 706 (1891) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary."). Wang cannot try to defeat diversity jurisdiction by refusing to say where he is from. *See Nguyen v. BMW of North America, LLC*, 2021 WL 2411417, at *3 (S.D. Cal. June 14, 2021); *Potts v. Ford Motor Company*, 2021 WL 2014796, at *4 (S.D. Cal. May 20, 2021).

But BMW has more than just the purchase agreement and the customer service record. It submitted a background check showing that Wang has held a California driver's license since 2019, has a phone number with a California area code, and has been associated with six addresses in California since 2017. The background check appears to rely, at least in part, on public records and therefore could, at least in part, be presented in an admissible form at trial. *See* Fed. R. Evid. 803(8).

The Court does not have the authority, as Wang suggests, to "veto" the exercise of its diversity jurisdiction. The Supreme Court case he cites, *Grable & Sons Metal Products, Inc. v. Darue Engineering and Manufacturing*, considered a federal court's authority to "veto" the exercise of federal question jurisdiction when removal is based on a federal issue embedded in a state-law claim. 545 U.S. 308, 313–14 (2005). Nothing in that case, or indeed in the principles of federal jurisdiction, suggests that the same authority exists in diversity jurisdiction cases. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976) (referencing "the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them").

**IT IS SO ORDERED.**

Dated: November 30, 2021

_____

VINCE CHHABRIA
United States District Judge